IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL E. AXTLE, et al.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | No. C 12-6404 YGR (PR)<br><br>**ORDER DENYING MOTION TO CERTIFY CASE AS A CLASS ACTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Ismael E. Axtle, an inmate at the Glen Dyer Detention Facility ("GDDF") in Oakland, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on behalf of federal and state pretrial detainees who were confined at GDDF from October 2009 through December 2012. Plaintiff Axtle's complaint is now before the Court for review pursuant to 28 U.S.C. §1915A, along with his motion for leave to proceed *in forma pauperis*, motion for appointment of counsel, and motion to certify this case as a class action.

Also before the Court are Plaintiffs Mario Ochoa Gonzalez and Anthony McGee's motions for leave to proceed *in forma pauperis*.

Venue is proper because the events giving rise to the claim are alleged to have occurred at GDDF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now conducts its initial review of Plaintiff Axtle's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff Axtle's request for leave to proceed *in forma pauperis* will be granted in a separate Order. His request for appointment of counsel is DENIED without prejudice, as explained below. His motion to certify this case as a class action is also DENIED. Plaintiffs Gonzalez and McGee are DISMISSED as Plaintiffs from this action without prejudice to filing their own individual *pro se* actions, and the Clerk of the Court shall return their completed *in forma pauperis* applications, as directed below.

**DISCUSSION**

**I.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

**II.     Motion for Class Certification**

Plaintiff Axtle purports to bring this case as a class action. However, *pro se* plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing *in propria persona* has no authority to represent anyone other than himself"). Accordingly, Plaintiff Axtle's motion to certify this case as a class action is DENIED. Therefore, Plaintiff Axtle is limited to asserting claims for violations of his own civil rights and may not litigate claims on behalf of other prisoners. Nor can this *pro se* action proceed as to any plaintiff other than the lead plaintiff; therefore, Plaintiffs Gonzalez and McGee are DISMISSED as Plaintiffs from this action without prejudice without prejudice to filing their own individual *pro se* actions. Because the record contains some these co-Plaintiff's completed *in forma pauperis* applications, the Clerk shall return these documents to each respective co-Plaintiff along with a copy of this Order.

**III.    Legal Claims**

    **A.      Background**

Plaintiff Axtle's forty-three-page handwritten complaint alleges multiple constitutional violations, which he experienced while he was incarcerated at GDDF from October 2009 through the date he signed his complaint, December 10, 2012. (Compl. at 6-31.) Plaintiff Axtle lists

nineteen claims, including the following as quoted from his complaint:

 (1) Denial of Adequate Weekly Exercise;
 (2) Prolonged and Severe Lack of Sanitation;
 (3) Improper Interference With Communications With Attorneys (Monitored Phone Calls);
 (4) Improper Interference With Communications With Attorneys ("Collect Call Only" Phone System);
 (5) Exposure to Dangerous Conditions and Excessive Risk to Safety;
 (6) Overcrowding;
 (7) Denial of Adequate Clothing;
 (8) Denial of Due Process in Disciplinary Actions;
 (9) Lack of Seating;
 (10) Denial of Bodily Privacy;
 (11) Denial of Due Process in Administrative Segregation Placement;
 (12) Delay in Receiving Medical Attention;
 (13) Denial of Adequate Nutrition;
 (14) Denial of Access to the Courts;
 (15) Denial of Equal Protection;
 (16) [Violation of] Privacy Rights;
 (17) Deprivation of Adequate Hygiene Materials; [and]
 (18) Conspiracy to Interfere with Civil Rights for Neglect to Prevent [Civil Rights Violations].

(*Id.*)

Plaintiff Axtle names as Defendants the County of Alameda as well as the following GDDF jail officials: Defendants Abrams, Greg Ahern, Arlouckle, J. Arone, Ary, James Ayala, Ball, Banks, Bedolla, Blachard, N. Bonsteel, Brown, Cason, Cedergen, Chin, Colbert, Concepcion, DeMott, Delgadillo, Dixon, Faber, Feierra, Fernandez, Firmeza, Friberg, Joseph Gomez, Griffin, Haynes, G. Holmos, Ingram, Joe, Jones, Carla Kennedy, Marquez, Martinez, Maskee, McCormick, McGill, McGory, McIntyre, Deputy McKenzie, Technician McKenzie, Meza, Mitchell, Nguyen, Orr, Ortman, Pape, Parham, Pashane, Picetti, Pilot, Posedel, Ramirez, Rodriguez, J. Rojas, Schmidt, Scott, Silcox, N. Silva, Smith, J. Smith, Stoneberger, Strickland, Mildred Swafford, Teichera, Theobald, Tracy, Urdur, Vera, and Wynn. Plaintiff Axtle also names several "unknown Does," whose names he wishes to learn through discovery. He seeks injunctive relief and monetary damages.

 **B.** **Exhaustion of Administrative Remedies**

A question which must be answered before Plaintiff Axtle can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

4

("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" alleging misconduct by jail staff.

Here, some of the claims raised in Plaintiff Axtle's complaint appear not to have been exhausted through the administrative grievance procedure at GDDF. Plaintiff Axtle states that he and "various class members" filed "[m]ultiple grievances on all joined common issues by various class members from Oct[.] 2009 to present . . . [but received] no relief." (Compl. at 2.) While Plaintiff Axtle clams to have "exhausted all available remedies," the Court notes that some of his claims involve alleged violations which took place from October 2009 to the "present," i.e., December 10, 2012 -- the date Plaintiff Axtle filed his complaint. Plaintiff Axtle should have

5

exhausted his available administrative remedies *before* he filed suit.  However, he appears to allege claims which continued to take place until December 10, 2012; therefore, these claims could not have been exhausted prior to the filing of this suit on that same date.  Plaintiff Axtle does not specifically address exhaustion of the grievance procedure at GDDF, and instead he claims, in a conclusory fashion, that he pursued "multiple appeals on all denied grievances . . . [but received] no relief."  Because Plaintiff Axtle did not attach any of his jail grievance forms, the Court is unable to determine if Plaintiff Axtle satisfied the administrative remedies exhaustion requirement on each of the claims he alleges, prior to filing his suit.  Therefore, it appears from the face of the complaint that Plaintiff Axtle has not exhausted his administrative remedies.

Accordingly, it appears that Plaintiff Axtle's claims are unexhausted and subject to dismissal.  Therefore, his complaint is DISMISSED with leave to amend in order to prove that he exhausted all of his claims against each Defendant *before* he filed this action.  If Plaintiff Axtle did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### C.     Federal Rule of Civil Procedure 20

As explained above, Plaintiff Axtle's handwritten civil rights complaint is forty-three pages long.  It contains nineteen legal claims and names over seventy Defendants.  The complaint is extraordinary broad, and appears to touch upon everything Plaintiff Axtle found objectionable between October 2009 through December 10, 2012.

The complaint alleges several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  As described above, Plaintiff Axtle's claims cover a broad array of different incidents by different individuals over the course of approximately three years.  In his Amended Complaint, Plaintiff Axtle may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common

6

to all defendants named therein. Plaintiff Axtle may not include in a single complaint everything that has happened to him over a three-year period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

### D. Defendants

#### 1. Municipal Liability Claim

Plaintiff Axtle has not alleged grounds for municipal liability against Defendant County of Alameda based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, Plaintiff Axtle's claim against Defendant County of Alameda is DISMISSED with leave to amend. If Plaintiff Axtle can in good faith assert facts which state constitutionally cognizable claims for relief against this municipal Defendant he may include them in his Amended Complaint.

#### 2. Named Defendants

Plaintiff Axtle must allege facts sufficient to show that the remaining named Defendants' actions rise to the level of constitutional violations. As mentioned above, he is attempting to hold more than seventy named Defendants liable for the claims in his complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). This Plaintiff Axtle has not done. He merely makes conclusory allegations linking each Defendant by listing them as having "direct involvement" to his claims without specifying how each Defendant was linked through their actions. (Compl. at 32-41.) In addition, if Plaintiff Axtle claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Because Plaintiff Axtle has not linked any of the named Defendants to his claims, no claim for damages can proceed unless Plaintiff Axtle amends his complaint to cure this pleading deficiency.

In sum, the Court will allow Plaintiff Axtle leave to prepare a proper Amended Complaint that is consistent with federal pleading standards. Plaintiff Axtle is advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff Axtle must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability. A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff Axtle is reminded that his claims must be set forth in short and plain terms, simply, concisely and directly pursuant to Federal Rule of Civil Procedure 8 or risk dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). To facilitate this, the Court directs Plaintiff Axtle to limit his Amended Complaint to **forty (40) pages**. If Plaintiff Axtle fails to comply with these straightforward pleading requirements, the Court will dismiss Plaintiff Axtle's proposed Amended Complaint. *See id.*

### 3. Doe Defendants

Plaintiff Axtle mentions he wishes to name as Defendants "unknown Does" whose names he apparently intends to learn through discovery. Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff Axtle's claims against the Doe Defendants are DISMISSED. Should Plaintiff Axtle learn the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-

98 (9th Cir. 2003).

**IV.     Request for Appointment of Counsel**

Plaintiff Axtle requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage, and it is premature for the Court to determine Plaintiff Axtle's likelihood of success on the merits. Accordingly, the request for appointment of counsel is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Plaintiff Axtle has filed his Amended Complaint to correct the aforementioned deficiencies, the Court has served Defendants, and Defendants have filed their dispositive motion, such that the Court will be in a better position to consider the procedural and substantive matters at issue. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff Axtle *pro bono.*

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff Axtle's motion to certify this case as a class action is DENIED. Plaintiffs Gonzalez and McGee are DISMISSED as Plaintiffs from this action without prejudice without

1 prejudice to filing their own individual *pro se* actions.  The Clerk shall return Plaintiffs Gonzalez
2 and McGee's completed *in forma pauperis* applications to each respective co-Plaintiff along with a
3 copy of this Order.

4     2.    Plaintiff Axtle's complaint is DISMISSED with leave to amend in order to give him
5 the opportunity to file a **simple, concise and direct** Amended Complaint which:

6         a.    States clearly and simply each claim he seeks to bring in federal court as
7 required under Rule 8, and he should:

8             i.    Set forth **each claim** in a separate numbered paragraph;

9             ii.    Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the
10 deprivation of Plaintiff's constitutional rights; and

11             iii.    Identify the injury resulting **from each claim**;

12         b.    Explains how he has exhausted his administrative remedies **as to each claim**
13 as against **each Defendant** *before* he filed this action;

14         c.    Only alleges those claims that are properly joined under Rule 20(a)
15 (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list
16 everything that has happened to him over a three-year period in prison that he finds objectionable,
17 the Amended Complaint may only allege claims that:

18             i.    Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

19
20             ii.    Present questions of law or fact common to **all Defendants**;

21         d.    **Does not** make conclusory allegations linking each Defendant by listing them
22 as having "direct involvement" to his claims without specifying how each Defendant was linked
23 through their actions;

24         e.    **Does not** name any Defendant who did not act but is linked solely in his or
25 her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish
26 either supervisorial or municipal liability; and

27         f.    **Does not** name Doe Defendants because any claims against Doe Defendants
28 are dismissed without prejudice to Plaintiff Axtle moving for leave to amend to add them as named defendants once he learns their identities.

**United States District Court**
For the Northern District of California

3.      Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 12-06404 YGR (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. Plaintiff's Amended Complaint shall not exceed **forty (40) pages** in length. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

4.      Plaintiff's request for appointment of counsel is DENIED without prejudice.

5.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

6.      The Clerk shall send Plaintiffs Axtle, Gonzalez, and McGee a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: November 8, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

G:\PRO-SE\YGR\CR.12\Dillingham6537.DWLA(unexh&Rule8).wpd    11